**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3320
_____

JAMES E. NIXON, SR.,
                                                    Appellant

v.

MARK WAHL, Superintendent of SCI-Waymart;
JOSEPH CHUIMENTO, Inmate Employment SCI-Waymart;
MICHAEL SKUTACK, Unit Manager SCI-Waymart
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00341)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2026

Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed June 5, 2026 )
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

James E. Nixon, Sr., a Pennsylvania state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's dismissal of his civil action. For the following reasons, we will summarily affirm the District Court's judgment.

I.

Nixon filed a complaint pursuant to 42 U.S.C. § 1983 against three defendants at SCI-Waymart. Nixon alleged that the defendants violated his constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. He also sought to hold the defendants liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), for violations under the Eighth and Fourteenth Amendments. More specifically, Nixon alleged that after being transferred from SCI-Phoenix to SCI-Waymart, the defendants deprived him of the higher job status and compensation level that he had while working at SCI-Phoenix.

The District Court, screening the complaint under 28 U.S.C. § 1915(e)(2), sua sponte dismissed with prejudice Nixon's claims premised on the denial of his grievances, due process claim, and cruel and unusual punishment claim for failure to state a claim. It dismissed Nixon's equal protection claim without prejudice and with leave to amend. After Nixon submitted an amended complaint, the District Court dismissed the equal protection claim with prejudice.[1] Nixon appealed and moved for appointment of counsel.

---

[1] Because the District Court dismissed the amended complaint with prejudice, it also

2

## II.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's judgment de novo. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm on any basis supported by the record if the appeal fails to present a substantial question. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court properly dismissed Nixon's civil action. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While pro se pleadings should be liberally construed and held to less stringent standards than those prepared by attorneys, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), pro se litigants "still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Even liberally construed, Nixon's amended complaint failed to assert a class-of-one equal protection claim. To state an equal protection claim under a class-of-one theory, a plaintiff must allege that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no

properly denied as moot Nixon's motion for default judgment.

3

rational basis for the difference in treatment." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)). Nixon merely alleged that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for this difference in treatment." These general conclusions, absent factual allegations, were insufficient to support an equal protection claim. Additionally, the District Court did not err by dismissing Nixon's due process claim with prejudice because Nixon has no constitutionally protected liberty or property interest in his prison job assignment. *See James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989). Further, we agree with the District Court that Nixon's claims premised on the denial of his grievances fail because a prison official's mishandling of grievances does not itself violate a constitutional right. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001).

Finally, we agree with the District Court that Nixon's complaint failed to state a *Monell* claim or an Eighth Amendment claim for relief. Nixon did not name a municipality or other local governmental unit as a defendant, and he did not sufficiently allege facts that would support a claim against a local government. *See Monell*, 436 U.S. at 694. Nor did Nixon provide any facts supporting a reasonable inference that a prison official deprived him of "the minimal civilized measure of life's necessities." *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)). And we are satisfied with the District Court's determination that

offering leave to amend these claims would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

IV.

For the foregoing reasons, we conclude that this appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment. Nixon's motions for appointment of counsel are denied. To the extent that he seeks other forms of relief in this appeal, those requests are also denied.